UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**CHRISTOPHER KIBODEAUX,**

    **Plaintiff,**

v.                  Case No: 6:21-cv-1969-RBD-DCI

**ORLANDO HEALTH,**

    **Defendant.**

### REPORT AND RECOMMENDATION

This cause comes before the Court for consideration without oral argument on the following motion:

> **MOTION:**  **Motion to Proceed In Forma Pauperis (Doc. 2)**
>
> **FILED:**   **November 22, 2021**
>
> ---
>
> **THEREON** it is **RECOMMENDED** that the motion be **DENIED without prejudice**.

**I.** **Background**

Christopher Kibodeaux (Plaintiff), proceeding *pro se*, has filed a Complaint pursuant to 42 U.S.C. § 1983 alleging that Orlando Health (Defendant) violated his right to peacefully protest when it called "OPD" for "looting" and he was issued a "no trespass." Doc. 1. Along with the Complaint, Plaintiff filed a Motion for Leave to Proceed *In Forma Pauperis* (the Motion). Doc. 2. The undersigned recommends that the Motion be denied without prejudice and the Complaint be dismissed with leave to amend.

### II.     Standard

The Court must conduct a two-step inquiry when a plaintiff files a complaint and seeks leave to proceed *in forma pauperis*.  First, the Court must evaluate the plaintiff's financial status and determine whether he is eligible to proceed *in forma pauperis*.  28 U.S.C. § 1915(a)(1).  Second, once the Court is satisfied that plaintiff is a pauper, the Court must review the complaint pursuant to § 1915(e)(2) and dismiss the complaint if the action is frivolous or malicious, the complaint fails to state a claim on which relief may be granted, or the complaint seeks monetary relief against a defendant who is immune from such relief.  *Id*. at § 1915(e)(2)(B)(i-iii).[1]  The Court must liberally construe the complaint when conducting the foregoing inquiry, *Tannenbaum v. U.S.*, 148 F.3d 1262, 1263 (11th Cir. 1998), but the Court is under no duty to rewrite the complaint to establish subject matter jurisdiction, avoid frivolousness, or state a claim upon which relief may be granted.  *See Campbell v. Air Jamaica, Ltd.*, 760 F.3d 1165, 1168-69 (11th Cir. 2014).

### III.    Discussion

The Court finds that Plaintiff is a pauper.  However, the Complaint does not state a claim or comply with the basic pleading requirements of the Federal Rules of Civil Procedure, and, thus, the undesigned recommends that it is due to be dismissed.  The Federal Rules of Civil Procedure mandate that a pleading stating a claim for relief must contain the following: 1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support; 2) a short and plain statement of the claim showing that the pleader is entitled to relief; and 3) a demand for the relief sought, which may include relief

---

[1] The statute governing proceedings i*n forma pauperis* references actions instituted by prisoners, *see* 28 U.S.C. § 1915, but has been interpreted to apply to all litigants requesting leave to proceed *in forma pauperis*.  *Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1306 n.1 (11th Cir. 2004).

in the alternative or different types of relief.  Fed. R. Civ. P. 8(a).  The pleading must be simple, concise, and direct.  Fed. R. Civ. P. 8(d)(1).

Here, Plaintiff alleges that Defendant violated his rights under the First Amendment and brings his claim pursuant to § 1983.  To state a claim under § 1983, a plaintiff must demonstrate "'that the conduct complained of (1) was committed by a person acting under color of state law and (2) deprived the complainant of rights, privileges, or immunities secured by the Constitution or laws of the United States.'"  *Allaben v. Howanitz*, 579 Fed. App'x. 716, 718 (11th Cir. 2014) (quoting *Harvey v. Harvey*, 949 F.2d 1127, 1130 (11th Cir. 1992)).  While Plaintiff makes a general reference to § 1983, there is no allegation that Defendant was acting under color of state law when it allegedly deprived him of his rights under the Constitution.  Accordingly, the § 1983 claim cannot survive.  *See Luzier, III v. Bull*, 2006 WL 1000322 (M.D. Fla. Apr. 13, 2006) ("Since Defendant was not a state actor, Plaintiff has not satisfied the first element of the § 1983 analysis, and this case must be dismissed for failure to state a claim.").

Assuming the Complaint can be liberally construed to include an allegation that Defendant is a state actor, the nature of Plaintiff's claims is not entirely clear.  Plaintiff cryptically states that Defendant could have come out to speak to him "as to why and what was happening" and "[t]hey had known about another illegal issue that had happened in which was the reason I was using my First Amendment rights."  Doc. 1 at 2.  Plaintiff alleges that "Orlando health violated [his] rights to peacefully protest and used tactics and retaliation vers."  *Id*.  While it appears that Plaintiff may be attempting to include a First Amendment retaliation cause of action, the undersigned recommends that these allegations are too vague to determine if Plaintiff has stated a claim.  *See Kruse v. Mass. Mutual Life Insur. Co.*, 2017 WL 3494334 (S.D. Fla. Aug. 15, 2017) ("To satisfy the Rule 8 pleading requirements, a complaint must provide the defendant fair notice of what the

plaintiff's claim is and the grounds upon which it rests.") (citing *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002)).

Finally, Plaintiff states that Defendant's conduct has caused him panic attacks, but he does not specify the relief requested. Rule 8(a) requires a pleading to include a demand for relief sought and as such the Complaint appears to be facially deficient. *See Schott v. Ierubino*, 2009 WL 790117, at*2 (S.D. Fla. Mar. 25, 2009) (finding that since the amended complaint lacked any request for relief it should be dismissed without prejudice to allow the plaintiff to file an amended pleading including a demand for judgment stating the relief he seeks); *but see*, *McConnell v. Parsec, Inc.*, 2020 WL 7409654 (N.D. Ga. Aug. 21, 2020) (finding that the failure to include a "demand for relief will not be fatal to a party's pleading if the statement of the claim indicates the pleader may be entitled to relief of some. . . type.") (quoting *Dingxi Longhai Dairy, Ltd. v. Becwood Tech. Grp. LLC*, 635 F.3d 1106, 1108 (8th Cir. 2011)). If Plaintiff is given leave to amend to cure the deficiencies of the Complaint, then the undersigned recommends that he be directed to comply with Rule 8(a).

On that note, a *pro se* plaintiff must generally be given one chance to amend the complaint "if it appears a more carefully drafted complaint might state a claim upon which relief can be granted even if the plaintiff never seeks leave to amend." *Silva v. Bieluch*, 351 F.3d 1045, 1048-49 (11th Cir. 2003) (internal quotations omitted). The undersigned recommends that Plaintiff should be given leave to amend the complaint.

**IV.   Conclusion**

Based on the foregoing, it is **RECOMMENDED** that Plaintiff's Motion for Leave to Proceed *In Forma Pauperis* (Doc. 2) be denied without prejudice and the Complaint be dismissed with leave to amend.

**NOTICE**

The party has fourteen days from the date the party is served a copy of this report to file written objections to this report's proposed findings and recommendations or to seek an extension of the fourteen-day deadline to file written objections. 28 U.S.C. § 636(b)(1)(C). A party's failure to serve and file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1; 28 U.S.C. § 636(b)(1).

**RECOMMENDED** in Orlando, Florida on December 7, 2021.

DANIEL C. IRICK
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties